IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAYS INN WORLDWIDE, INC., | § | |
| f/k/a Days Inn of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:04-CV-2278-D |
| v. | § | |
| | § | |
| SONIA INVESTMENTS, a Texas Limited | § | |
| Liability Company, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pursuant to the District Court's *Order of Reference*, signed June 16, 2006, *Third-Party Plaintiff Jitendra Keshav's Motion to Compel Production by Defendant United Central Bank*, filed June 15, 2006, has been referred to this Court for hearing, if necessary, and for determination. Also before the Court is *United Central Bank's Response to Third Party Plaintiff Jitendra Keshav's Motion to Compel Production by Defendant United Central Bank*, filed July 5, 2006. After consideration of the pleadings, evidence, oral argument, and applicable law, and for the following reasons, the Court determines that the motion should be, and it is hereby, **DENIED**.

### I.

### BACKGROUND

This action concerns a transaction by Defendant Sonia Investments to acquire certain property of Plaintiff Days Inn. (Mot. at 2.) By *Scheduling Order* filed March 4, 2005, the District Court set a deadline of March 1, 2006 for the completion of discovery, and a deadline of April 1, 2006, for "all motions not otherwise covered by the order." *See Scheduling Order* at 2. Subsequently, third-party plaintiff Jitendra Keshav ("Keshav") served requests for production of documents on third-party

Defendant United Central Bank ("UCB") on July 5, 2005, requesting categories of documents related to UCB's involvement in the transaction by Sonia Investments. (Mot. at 2.) UCB served its responses and objections to the discovery requests on August 15, 2005, and all responsive documents were produced by August 31, 2005. *Id.* at 3. On February 28, 2006, the District Court entered an order granting the parties' agreed motion for thirty day extension of the March 1, 2006 deadline for the completion of discovery. *See Order on Agreed Motion for 30-Day Extension of the Deadline for the Completion of Discovery, Joint Estimate of Trial Length and Status Report.* By order dated March 23, 2006, the District Court granted the parties' unopposed motion for extension of deadline for completion of discovery and extended the deadline until May 31, 2006. *See Order.* On June 7, 2006, the parties filed their *Joint Estimate of Trial Length and Status Report* wherein they stated that "[t]he deadline to file dispositive and other motions is June 15, 2006." (*Joint Estimate of Trial Length and Status Report* at 2.) Keshav filed the instant motion to compel on June 15, 2006, the same date that UCB filed its motion for summary judgment.

## II.

## ANALYSIS

Defendant contends that Keshav's motion to compel should be denied as untimely because it does not comply with the District Court's *Scheduling Order.* (Resp. at 2.) In particular, UCB alleges that the motion was filed after the District Court's April 1, 2006 deadline for filing other motions. *Id.* Keshav contends that the motion was timely filed because it was filed by the June 15, 2006 deadline for other motions as set forth in the parties' June 7, 2006 joint report.

It is important to note at the outset that Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides no deadline for the filing of such motions. However, FED. R. CIV. P. 16(b) provides that courts shall, in appropriate cases, issue scheduling orders limiting

the time for joining parties and amending pleadings, filing motions, *completing discovery*, modifying the disclosure deadlines, trial matters, and any other appropriate matters. In this case, the District Court's *Scheduling Order* set forth a deadline for completion of discovery, which was later extended twice, and a deadline for the filing of "all motions not otherwise covered by the order." *See Scheduling Order* at 2.

Only two cases appear to have considered whether motions to compel discovery are subject to the motions deadline rather than the discovery deadline. In *Material Supply Intern., Inc. v. Sunmatch Indus. Co., Ltd.,* 146 F.3d 983, 992 (D.C. Cir. 1998), the D.C. Circuit found that a district court has discretion to interpret its own scheduling order as requiring a motion to compel discovery to be made within the discovery period, and that the court did not abuse its discretion by denying as untimely a motion to compel filed after the close of discovery even though the motion had been filed by a later deadline in the scheduling order for filing "[a]ll other motions". In *Greene v. Swain County Partnership for Health,* 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004), however, the district court did consider the later motions deadline in finding the subject motion to compel untimely because it had been filed 21 days after the discovery deadline and six days after the motions deadline.

In other cases, courts generally looked to the deadline for completion of discovery in considering whether a motion to compel has been timely filed. *See Mollinger-Wilson v. Quizno's Franchise Co.,* 122 F. App'x 917, 920, 923, 2004 WL 2757941, at *3, *6 (10th Cir. 2004) (finding no abuse of discretion in district court's holding that *pro se* plaintiffs' motion to compel depositions was untimely because the deadline for discovery had expired, plaintiffs had not employed previous opportunities to take depositions, and plaintiffs had presented inadequate proof that additional depositions were necessary); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying a motion to compel discovery filed after discovery closed

and defendants had filed their summary judgment motion); *Rosetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery and the plaintiffs gave no excuse for tardiness); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed and summary judgment motion was filed); *Ginett v. Federal Express*, 166 F.3d 1213, 1998 WL 777998, at *5 (6th Cir. 1998) (Table) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline); *Ayala-Gerena v. Bristol Myers-Squibb Co.,* 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Flynn v. Health Advocate, Inc*., 2005 WL 288989, at *8 (E.D. Pa.  Feb. 8, 2005) (motion to compel filed after discovery closed and summary judgment motions had been filed was untimely) (citing cases); *Banks v. CBOCS West, Inc.*, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (motion to compel filed two months after the close of discovery was clearly untimely, and busy schedule of counsel did not justify untimeliness because counsel was aware of unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *James v. U.S.,* 2003 WL 22149524, at *6 (S.D.N.Y. Sept. 17, 2003) (denying motion to compel discovery as untimely where fact discovery closed approximately six months before the motion was filed and movant offered no justification for tardiness); *Mash Enterprises, Inc. v. Prolease Atlantic Corp.,* 2003 WL 251944, at *3-4 (E.D. Pa. Jan. 31, 2003) (denying untimely motion to compel filed approximately two months after the close of discovery and nearly six months after receipt of objections,

where the only explanation offered for the delay was "inadvertently overlook[ing] the earlier outstanding requests", trial would soon be set, discovery would cause prejudice to the other side, and court's schedule would be disrupted); *Suntrust Bank v. Blue Water Fiber, L.P.,* 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (finding that a district court may properly deny a motion to compel discovery filed after the close of discovery, and noting that numerous courts have denied tardy discovery motions where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party); *Lillbask ex rel. Mauclaire v. Sergi,* 193 F. Supp. 2d 503, 516 (D. Conn. 2002) ("After almost seven months of discovery, a motion to compel received after the expiration of the deadline for the *completion* of all discovery is untimely."); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion);  *In re Health Management, Inc*. 1999 WL 33594132, at *5-6 (E.D.N.Y. Sept. 25, 1999) (finding no error in denial of motion to compel as untimely based on undue delay) (citing cases); *Dynamic Movers, Inc. v. Paul Arpin Van Lines, Inc*. 956 F. Supp. 836, 840 (E.D. Wis. 1997) (denying motion to compel filed four-and-a-half months after discovery responses were served, three-and-a-half months after summary judgment brief, two weeks after discovery closed, and three weeks before trial, where no attempt was made to resolve the dispute after responses, case was old, and the court has already extended discovery twice); *American Motorists Ins. Co. v. General Host Corp.*, 162 F.R.D. 646, 648 (D. Kan. 1995) (denying a motion to compel filed two years after discovery deadline and after the deadline for filing dispositive motions).  *But see Express One Int'l v. Sochata*, 2001 WL 461285 (N.D. Tex. Apr. 30, 2001) (rejecting argument that motion filed after discovery deadline was untimely, especially where motion was filed within one month of party learning of document's existence and the day after opposing party first stated that it would not voluntarily produce it); *Gault v. Nabisco Biscuit*

*Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (holding that absent unusual circumstances a motion to compel should be filed before the scheduled date for dispositive motions). As these cases reflect, courts have also considered a number of factors in determining whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule. *See id.*

In this case, the *Scheduling Order* established a date for the completion of discovery, although this date was later extended by subsequent orders of the District Court. Pursuant to these orders, Keshav was required to obtain all necessary discovery, i.e., complete his discovery, by the extended discovery deadline of May 31, 2006. In order to timely obtain the discovery which Keshav sought in his motion to compel, Keshav's motion had to be filed sufficiently in advance of the discovery deadline (not the motions deadline) in order to allow it to be heard by a court, and if granted, to allow the compelled discovery to be produced prior to the deadline. Keshav's motion, filed two weeks after the extended deadline expired on May 31, 3006, clearly did not meet this requirement and was therefore untimely.

Keshav argued at the hearing that because the parties had taken three depositions after the expiration of the deadline by agreement, the discovery period had therefore been extended until the date of the last deposition, June 22, 2006; thus, the June 15, 2006 motion was timely filed. This argument fails for two reasons. First, the District Court's *Scheduling Order* does not expressly provide that parties may extend the deadline by agreement without the permission of the Court; in fact, the parties twice sought an order of the Court extending the discovery deadline. Second, Keshav presented no

evidence of a binding agreement to extend the discovery deadline, only an agreement to take three depositions (two of which were requested by Keshav) outside the discovery deadline. UCB's taking of one deposition after the discovery deadline by agreement does not waive the timeliness objection. Indeed, other courts have found that a party's actions after the close of discovery do not necessarily negate an objection to the timeliness of a subsequent discovery motion. *See Flynn*, 2005 WL 288989, at *8 (finding no merit to argument that defendants' actions after the close of discovery in continuing to produce responsive documents negated their timeliness objection to plaintiff's motion to compel filed after the close of discovery) (citing *Banks*, 2004 WL 723767, at *2 ("There is no law to support the proposition that a discovery related communication sent after the close of discovery or the occurrence of any discovery after the close of discovery operates as a waiver of timeliness objections to discovery requests after the close of discovery.")).

Notwithstanding Keshav's failure to file his motion to compel by the May 31, 2006 discovery deadline, as demonstrated above, courts have considered a variety of factors in determining whether a motion to compel filed after the deadline for completion of discovery is untimely or should be permitted.. After consideration of these various factors, the Court finds no basis for permitting Keshav's untimely motion. First, it was filed two weeks after the expiration of the extended deadline even though the discovery deadline has twice been extended in this case. Second, the discovery responses at issue were served on August 15, 2005, and any responsive redacted documents had been served by August 31, 2005. The parties agree that these documents were the subject of a deposition taken on December 23, 2005. The motion was filed ten months after the responses were filed, nine and a half months after the documents were produced, and six months after the deposition. Third, Keshav presents no explanation for this delay. As the court in *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) stated, "if the conduct of a respondent to discovery necessitates a motion to

compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril."  *See also Suntrust Bank,* 210 F.R.D. at 200-01 (finding failure to promptly enforce discovery rights constituted a waiver of such rights)(citing *Choate v. National Railroad Passenger Corp.*, 132 F. Supp. 2d 569 (E.D. Mich. 2001)); 8 A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (2d ed.1994) (generally, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely).  Fourth, UCB filed its summary judgment motion on June 15, 2006, the same day that Keshav filed his discovery motion, and Keshav's response was due the day after this motion was heard.  Keshav could not reasonably have expected to obtain those documents prior to his summary judgment response, and no argument was presented concerning a need for the documents in order to file a response.  Although Keshav argued that it had a strong need for the documents, which appear relevant, this factor has not generally been considered by courts, and the alleged importance of the documents appears inconsistent with the delay in seeking the documents.  After considering all of these factors, the Court concludes that permitting Keshav to proceed with his untimely motion is not justified.

## III.  CONCLUSION

For the foregoing reasons, the Court finds that *Third-Party Plaintiff Jitendra Keshav's Motion to Compel Production by Defendant United Central Bank* is untimely, and the motion is therefore **DENIED.**

**SO ORDERED**, on this 17th day of July, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8