```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION
```

DAYS INN WORLDWIDE, INC., §
formerly known as Days Inn §
of America, §
 §
                    Plaintiff, §
 § Civil Action No. 3:04-CV-2278-D
VS. §
 §
SONIA INVESTMENTS, a Texas §
Limited Liability Company, §
et al., §
 §
                    Defendants. §

## MEMORANDUM OPINION

On March 26-28, 2007 the court conducted a bench trial of the three remaining claims of third-party plaintiff Jitendra Keshav ("Keshav") against third-party defendant United Central Bank ("UCB"). For the reasons that follow,[1] the court finds in favor of UCB and dismisses Keshav's third-party action against UCB with prejudice.

---

[1] The court sets out in this memorandum opinion its findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a). Although the court has carefully studied the trial transcript and exhibits, this memorandum opinion has been written to comply with level of detail required in this circuit for findings of fact and conclusions of law. *See, e.g., Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998) (discussing standards). The court has not set out its findings and conclusions in punctilious detail, slavishly traced the claims issue by issue and witness by witness, or indulged in exegetics, parsing or declaiming every fact and each nuance and hypothesis. It has instead written a memorandum opinion that contains findings and conclusions that provide a clear understanding of the basis for the court's decision. *See id.*

I

Plaintiff Days Inn Worldwide, Inc. ("DIW") initiated this lawsuit by suing several investors, including Keshav, in a Days Inn franchise hotel located in Mesquite, Texas. Keshav, in turn, sued several third-party defendants, including UCB. In a memorandum opinion and order filed November 1, 2006,[2] the court granted UCB's motion for summary judgment as to all but three of Keshav's claims against UCB: aider and abettor liability under the Texas Securities Act ("TSA"), *Days Inn Worldwide, Inc. v. Sonia Invs.*, 2006 WL 3103912, at *14-*17 (N.D. Tex. Nov. 1, 2006) (Fitzwater, J.); aiding and abetting a breach of fiduciary duty, *id*. at *17-*19; and civil conspiracy, to the extent that UCB knowingly participated in or facilitated a breach of fiduciary duty owed to Keshav, *id*. at *22-*23. Keshav and UCB tried these three claims to the court.

In 1999, at the inducement of Nitin Jariwala ("Jariwala") and Balvant Patel ("B. Patel"), Keshav invested $145,000 to obtain a 20% membership interest in Sonia Investments, LLC ("Sonia") for the purpose of purchasing the Mesquite Days Inn. Keshav believed that Sonia was acquiring the hotel property directly from the seller for $2.85 million, using a UCB loan of $2.2 million for most of the purchase price. He later learned that the sale was part of a flip transaction in which Wichita Falls B & R Investment, Inc.

---

[2]Westlaw reflects that the opinion was filed November 2, 2006. That is the date the clerk docketed the opinion. It was signed and filed on November 1, 2006.

("Wichita") sold the hotel to Jariwala for $2.7 million—later lowered by an amended purchase agreement to $2.55 million—and Jariwala sold the hotel to Sonia for $2.85 million. Keshav was unaware of the agreement between Wichita and Jariwala. He was also unaware that, as part of the loan transaction, UCB funded two $100,000 certificates of deposit ("CDs"). One CD was in the name of Jariwala's brother-in-law (Sanjay B. Desai), and the other was in the name of B. Patel's father (Thakorbhai Devbhai Patel P.O.A. Baivant Thakorbhai Patel). The CDs were pledged to UCB as additional security for the Sonia loan.[3] Keshav was also unaware that Jariwala and B. Patel made a profit of $300,000 on the transaction.

The Mesquite hotel experienced numerous operational problems and eventually lost its Days Inn flag. In 2004 Sonia refinanced the UCB loan and Sukhabhai Patel ("S. Patel") acquired the majority

---

[3] Although the court finds that Keshav was subjectively unaware of the CDs until UCB Vice President Mohammed Younus ("Younus") disclosed their existence during two conversations with him in 2004, it also finds that documents prepared for and disclosed during the closing of the 1999 loan—including the $2.2 million Sonia promissory note—reflected the existence of the CDs. Additionally, when Younus disclosed the CDs to Keshav in April and June 2004, he did not attempt to conceal the identities of the beneficial owners but informed Keshav that the CDs belonged to B. Patel and Jariwala. And at least during the June meeting, in which Keshav's uncle was also in attendance, Younus disclosed that the CDs were held in the names of relatives of B. Patel and Jariwala. Accordingly, Keshav's subjective lack of knowledge of the CDs is insufficient, alone or in combination with any evidence adduced at trial, to persuade the court that he proved any of his three claims against UCB by a preponderance of the evidence.

ownership in Sonia.  DIW sued Sonia to recover, *inter alia*, for breach of its License Agreement with DIW.  It sued Keshav and the other Sonia investors to recover on their guaranties of Sonia's performance under the License Agreement and on a related promissory note.  After DIW sued him, Keshav filed this third-party action, alleging that UCB was complicit in Jariwala's and B. Patel's fraudulent conduct that induced him to make the investment in the Mesquite Days Inn, and that UCB was involved in covering up the true nature and details of the transaction for the purchase of the facility.  Keshav also maintains that UCB engaged in misconduct in 2004 related to the refinancing of the original UCB loan to Sonia and of S. Patel's acquisition of Sonia and the Mesquite hotel.  Keshav has lost his entire investment in Sonia and has incurred additional liability to DIW under his guaranty and the note.[4]

II

Keshav seeks to hold UCB liable for aiding and abetting Jariwala's and B. Patel's violations of the TSA.[5]

---

[4] Keshav settled his liability to DIW just before this trial commenced.

[5] UCB may act only through natural persons as its agents or employees.  The court has assumed that any agent or employee of UCB——in this case, principally Younus——may bind UCB by acts, omissions, and declarations made while acting within the scope of the authority delegated to him by UCB, or within the scope of his duties as a UCB employee.

A

> The [TSA] imposes liability on a person who sells securities "by means of an untrue statement of a material fact or an omission to state a material fact," and imposes liability on a person who "materially aids a seller, buyer, or issuer of a security" if the person acts "with intent to deceive or defraud or with reckless disregard for the truth or the law."

*Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 837 (Tex. 2005) (quoting Tex. Rev. Civ. Stat. Ann. art. 581-33F(2) (Vernon Supp. 2004-2005)).

> The [TSA] establishes both primary and secondary liability for securities violations. Primary liability arises when a person offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading. Secondary liability is derivative liability for another person's securities violation; it can attach to . . . an aider, defined as one who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security . . . . [A]iders are jointly and severally liable with the primary violator to the same extent as if they were the primary violator.

*Id.* at 839 (citations, quotation marks, and ellipsis and brackets in original omitted).

To establish aiding and abetting liability under the TSA,

> a plaintiff must demonstrate 1) that a primary violation of the securities laws occurred; 2) that the alleged aider had general awareness of its role in this violation; 3) that the actor rendered substantial assistance in this

- 5 -

> violation; and 4) that the alleged aider either a) intended to deceive plaintiff or [b]) acted with reckless disregard for the truth of the representations made by the primary violator.

*Frank v. Bear, Stearns & Co.*, 11 S.W.3d 380, 384 (Tex. App. 2000, pet. denied) (quotation marks omitted).

> [T]he TSA's requirement of reckless disregard for the truth or the law means that an alleged aider is subject to liability only if it rendered assistance to the seller in the face of a perceived risk that its assistance would facilitate untruthful or illegal activity by the primary violator. This standard does not mean that the aider must know of the exact misrepresentations or omissions made by the seller, but it does mean that the aider must be subjectively aware of the primary violator's improper activity.

*Sterling Trust Co.*, 168 S.W.3d at 837 (quotation marks omitted). "[T]he statute's use of the phrase 'reckless disregard for the truth or the law' accords with the requirement that an aider must be aware of the primary violator's improper activities before it may be held liable for assisting in the securities violation." *Id.* at 841. "[T]he TSA's scienter requirement of 'reckless disregard for the truth or the law' is similarly intended to impose a requirement of 'recklessness in its subjective form,' and this recklessness must be directly related to the primary violator's securities violation." *Id.* at 842.

> [T]he TSA's reckless disregard for the truth or the law standard means that an alleged aider can only be held liable if it rendered assistance in the face of a perceived risk that its assistance would facilitate

>     untruthful or illegal activity by the primary
>     violator.  In order to perceive such a risk,
>     the alleged aider must possess a general
>     awareness that his role was part of an overall
>     activity that is improper.

*Id.* (citations and quotation marks omitted).

B

The court assumes for purposes of this decision that Keshav's interest in Sonia qualifies as a "security" under the TSA. The court finds that Keshav proved by a preponderance of the evidence[6] that a primary violation of the securities laws occurred in connection with his purchase of a 20% interest in Sonia. Jariwala and B. Patel made untrue statements of material fact and omitted to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading.

The court finds that Keshav failed to prove by a preponderance of the evidence that UCB materially aided Jariwala and B. Patel. He failed to prove by a preponderance of the evidence that UCB had general awareness that its role was part of an overall activity that was improper, that UCB rendered substantial assistance in this violation, that UCB intended to deceive Keshav, or that UCB acted

---

[6]In this memorandum opinion, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces a belief that what is sought to be proved is more likely true than not true. To establish a claim or an element of a claim by a "preponderance of the evidence" means to prove that the claim or element is more likely so than not so.

with reckless disregard for the truth of the representations or omissions of material fact made by Jariwala and/or B. Patel. Specifically, Keshav failed to prove by a preponderance of the evidence that UCB rendered assistance to Jariwala and/or B. Patel in the face of a perceived risk that UCB's assistance would facilitate untruthful or illegal activity by Jariwala and/or B. Patel, or that UCB was subjectively aware of the improper activity of Jariwala and/or B. Patel.

### III

Keshav seeks to hold UCB liable as an aider and abettor of Jariwala's and B. Patel's breaches of their fiduciary duties.

#### A

Under Texas law, "[t]he elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. 2006, pet. denied) (citing *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex. App. 2004, no pet.)). "It is settled as the law of this State that where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942). "A cause of action premised

on contribution to a breach of a fiduciary duty under *Kinzbach* must involve the knowing participation in such a breach." *Cox Tex. Newspapers, L.P. v. Wootten,* 59 S.W.3d 717, 722 (Tex. App. 2001, pet. denied) (citing *Kinzbach Tool Co.*, 160 S.W.2d at 514).

B

The court assumes for purposes of this decision that Jariwala and B. Patel owed fiduciary duties to Keshav. Keshav failed to prove by a preponderance of the evidence that UCB knowingly participated in a breach of fiduciary duty by Jariwala and/or B. Patel.[7]

IV

Keshav alleges that UCB is liable for conspiring to knowingly participate in or facilitate a breach of fiduciary duty by Jariwala and B. Patel.

A

"An actionable claim for civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). "The elements of a conspiracy are: (1) two or more persons; (2) an object to be

---

[7]To the extent Keshav properly relies on a claim that UCB knowingly participated in a breach of fiduciary duties owed him by S. Patel and Rakeshkumar Patel ("R. Patel"), the court finds that Keshav failed to prove by a preponderance of the evidence that UCB knowingly participated in a breach of fiduciary duty by either of them.

accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Goldstein v. Mortenson*, 113 S.W.3d 769, 779 (Tex. App. 2003, no pet.) (citing *Massey*, 652 S.W.2d at 934).  "A conspiracy requires a meeting of the minds on the object or course of action, and some mutual mental action coupled with an intent to commit the act which results in injury; there must be a preconceived plan and unity of design and purpose." *Id.* (citing *Ward v. Sinclair*, 804 S.W.2d 929, 931 (Tex. App. 1990, writ denied)).  "It is not the agreement itself but an injury to the plaintiff resulting from an act done pursuant to the common purpose that gives rise to a cause of action for civil conspiracy." *Paschal v. Great W. Drilling, Ltd.*, 215 S.W.3d 437, 450 (Tex. App. 2006, pet. stricken) (citing *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979)).  Civil conspiracy is an intentional tort. *N. Am. Van Lines, Inc. v. Emmons*, 50 S.W.3d 103, 116 (Tex. App. 2001, pet. denied).  "'[C]ivil conspiracy requires specific intent' to agree 'to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) (quoting *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995)).

"[A] conspiracy claim is a derivative tort." *Paschal*, 215 S.W.3d at 450.  The tort of breach of fiduciary duty "ha[s] been recognized as [a] cause[ ] of action that will support a civil

conspiracy claim." *Id.* (citing *Lesikar v. Rappeport*, 33 S.W.3d 282, 302 (Tex. App. 2000, pet. denied)).

UCB need not have been part of the conspiracy between Jariwala and B. Patel at its inception. "It is well-settled law that, upon joining a conspiracy, a defendant becomes a party to every act previously or subsequently committed by any of the other conspirators in pursuit of the conspiracy." *Id.* at 457 (citing *State v. Standard Oil Co.*, 130 Tex. 313, 107 S.W.2d 550, 560 (1937)).

B

Keshav failed to prove by a preponderance of the evidence that UCB had a meeting of the minds with Jariwala and/or B. Patel on an object, purpose, or course of action to breach fiduciary duties to Keshav. He failed to prove by a preponderance of the evidence that, between UCB and Jariwala and/or B. Patel, there was some mutual mental action coupled with an intent to commit an act that resulted in injury, or that there was a preconceived plan and unity of design and purpose that involved UCB. Keshav failed to prove by a preponderance of the evidence that UCB acted with specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Assuming that Keshav proved that Jariwala and B. Patel conspired to breach fiduciary duties owed to Keshav, he failed to prove by a preponderance of the evidence that

UCB joined that conspiracy.[8]

Additionally, in the court's November 1, 2006 memorandum opinion and order, it held that Keshav can "predicate a claim for civil conspiracy on his breach of fiduciary duty claim, to the extent that he is able to prove at trial that UCB knowingly participated in or facilitated a breach of a fiduciary duty owed to Keshav." *Days Inn Worldwide, Inc.*, 2006 WL 3103912, at *23. Because the court has found above that Keshav failed to prove that UCB knowingly participated in a breach of a fiduciary duty, this claim also fails on this basis.

\*   \*   \*

The evidence in this case does raise "red flags" (using Keshav's term) concerning some aspects of UCB's conduct in relation to the 1999 closing of the acquisition loan and the 2004 refinancing. But applying a preponderance of the evidence standard, the court is not persuaded that Keshav proved that any of his three remaining claims against UCB is more likely true than not true.

---

[8]To the extent Keshav properly relies on a claim that UCB conspired with S. Patel and R. Patel, the court finds, as it has above, that Keshav failed to prove this claim by a preponderance of the evidence.

- 12 -

Accordingly, the court finds and concludes that UCB is entitled to judgment dismissing with prejudice the remaining three claims of Keshav's third-party action against UCB.

April 23, 2007.

                                                  _____
                                                  SIDNEY A. FITZWATER
                                                  UNITED STATES DISTRICT JUDGE